IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Zhengjia Zhang, | : | Civil Action |
| | : | |
| Plaintiff | : | No. 23-cv-02658 |
| | : | |
| v. | : | |
| | : | Jury Trial Demanded |
| CSL Behring LLC, | : | |
| | : | |
| Defendant | : | |

**FIRST AMENDED COMPLAINT**

**Introduction**

1. Plaintiff Zhengjia "Jake" Zhang (Zhang) is suing CSL Behring LLC (CSL Behring) for breach of contract, breach of implied-in-fact contract, promissory estoppel / detrimental reliance, and unjust enrichment.

2. Zhang brings his case under Pennsylvania law.

3. Zhang seeks an unpaid one-off cash based long term incentive payment that CSL Behring agreed to pay to Zhang.

**Jurisdiction And Venue**

4. This Court has original jurisdiction to hear this action and adjudicate the claims herein pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and because Zhang is a citizen of China and CSL Behring is a citizen of Pennsylvania.

5. Venue is proper as CSL Behring is located in the Eastern District of Pennsylvania.

**The Parties**

6. Zhang is an adult individual who resides in Wuhan, Hubei Province, China.

7. CSL Behring is a Delaware corporation with its global headquarters located at 1020 First Avenue, King of Prussia, Pennsylvania 19406.

1

8. CSL Behring is a biopharmaceutical company, manufacturing plasma-derived and recombination therapeutic products.

9. According to CSL Behring's website, "CSL Behring has grown into a global biotechnology leader, driven by that same promise to save and improve lives. We offer the broadest range of quality plasma-derived and recombinant therapies in our industry." *See* https://www.cslbehring.com/our-company (accessed July 12, 2023).

10. Within CSL Behring, there are different divisions, including CSL Plasma and CSL Manufacturing and, possibly, CSL R&D and CSL Marketing.

11. CSL Plasma is the plasma-collecting business of CSL Behring.

12. In many cases, employees have multiple affiliations with CSL Limited (CSL Behring's parent company), CSL Behring, and CSL Plasma.

13. At all material times hereto, CSL Behring acted through its employees, agents, representatives and/or servants who were acting within the course and scope of their employment and authority.

**Factual Background**

**Zhang's Background**

14. Zhang is a pharma executive with nearly 40 years of experience in the Biopharma industry.

15. Zhang earned his Associate degree in pharmacy from Hubei University of Medicine in 1983, a Bachelor's degree in Pharmacy from Hubei University of Traditional Chinese Medicine in 1987, and a Master of Business Administration (MBA) from Wuhan University in 2022.

16. From 1983 to 2013, Zhang was employed at Wuhan Institute of Biological Products CO., LTD (WIBP), where he held different positions with increasing responsibilities, including Plasma Product Scientist, Plasma Product Supply Chain Manager, Associate Director of Plasma

Product Sales, and Chief of Staff. Zhang's last position at WIBP was Director of Plasma Center Development.

### Zhang's Employment with Ruide

17. In 2013, Wuhan Zhong Yuan Rui De Biological Products Co. Ltd. (Ruide) recruited Zhang to be its Vice President of Plasma Center Development, overseeing all of Ruide's Plasma Center Development activities.

18. Ruide employed Zhang as its Vice President of Plasma Center Development until August 2017.

### CSL Behring Acquires Ruide

19. In August 2017, CSL Limited/CSL Behring acquired Ruide.

20. Val G. Romberg (Romberg), CSL Behring's Executive Vice President Manufacturing Operations & Planning, led CSL Behring's acquisition of Ruide.

21. Romberg had many 1:1 meetings, email exchanges, and group meetings with Zhang to discuss product strategy and organizational changes.

### To Entice Zhang to Remain Employed with Ruide, CSL Behring Promises to Pay Long Term Incentive Compensation to Zhang

22. At the time that CSL Behring acquired Ruide, Zhang was employed with Ruide as its Vice President.

23. CSL Behring wanted Zhang to work for Ruide/CSL Behring as Director of Plasma Development following CSL Behring's acquisition of Ruide.[1]

24. To entice Zhang to work for Ruide/CSL Behring after the acquisition, CSL Behring offered to compensate Zhang with a monthly gross fixed salary in the amount of RMB 45,000 before tax; short-term incentive compensation, which was an annual target bonus with a

---

[1] Initially, Zhang's job title was Vice President to maintain consistency during the acquisition.

3

maximum amount of 20% of Zhang's gross annual salary; and long-term incentive compensation, which was a one-off cash based long term incentive payment due after three years of employment with CSL Behring.

25. Upon information and belief, CSL Behring only offered the one-off cash based long term incentive payment to Zhang and five other executives.

26. CSL Behring had numerous conversations with Ruide during the acquisition process in which CSL Behring represented that CSL Behring (not Ruide) would pay the one-off cash based long term incentive payment to Zhang and the five other executives.

27. Specifically, Jiansheng Xu (Xu), Ruide's CEO and general manager who led negotiations with CSL Behring on Ruide's behalf, told Zhang that CSL Behring (not Ruide) agreed to pay the one-off cash based long term incentive payment to Zhang and the five other executives to keep them at Ruide/CSL Behring following the acquisition.

28. CSL Behring's offer of a one-off cash based long term incentive payment was a material factor in Zhang's decision to accept employment with CSL Behring.

29. The one-off cash based long term incentive payment was a large part of why Zhang committed himself to Ruide/CSL Behring during the transition period following the acquisition.

30. Zhang's expectation was that if he committed to the transition and success of Ruide after CSL Behring's acquisition of Ruide that CSL Behring would rightfully compensate him for his efforts.

31. Zhang and his family expected and relied on the one-off cash based long term incentive payment and is now devastated that CSL Behring has breached its obligation to pay the one-off cash based long term incentive payment.

32. Anthony Hartman (Hartman), CSL Behring's Senior Director of Human Resources, was the lead human resources partner during CSL Behring's acquisition of Ruide.

4

33. Hartman prepared a "Labor Contract" for Zhang. A true and correct copy of the Labor Contract is attached as Exhibit P-1.

34. The Labor Contract is between Ruide (not CSL Behring) and Zhang. *See* Exhibit P-1.

35. Upon information and belief, the Labor Contract is with Ruide and not CSL Behring because Chinese local law allows only local companies to open plasma centers and because during the acquisition, CSL Plasma did not have an office or legal representative in China.

36. Further, China does not allow the importation of plasma-derived products manufactured overseas, so these products must be manufactured locally from plasma collected in China, from Chinese donors. *See* https://www.linkedin.com/pulse/my-exciting-role-csl-behrings-expansion-china-sophie-yu-kuang/(accessed July 12, 2023).

37. Even though Ruide had been integrated into CSL Behring, CSL Behring put the Labor Contract in Ruide's name so that Zhang could open more plasma centers in China, which was Zhang's main responsibility for CSL Behring.

38. Article 18 of the Labor Contract evidences CSL Behring's agreement to pay the one-off cash based long term incentive payment to Zhang:

> **Article 18 Long term incentive**
> [Zhang] is <u>entitled</u> to participate in <u>CSL Behring Group</u>'s cash based long term incentive program, which <u>will be</u> locked for 3 years <u>and be paid</u> as a one-off payment after [Zhang]'s 3 years participation in the program. The CSL Behring Group's Board will review the long term incentive program on an annual basis and has the right to change the content of and participants in the plan.

*See* Exhibit P-1 at Article 18 (underline added).

39. Even though the Labor Contract is between Ruide (not CSL Behring) and Zhang, CSL Behring agreed to pay the one-off cash based long term incentive payment to Zhang and the

5

intent was that CSL Behring, not Ruide, would make the one-off cash based long term incentive payment to Zhang.

## CSL Behring is a Joint or Co-Employer of Zhang

40. At all relevant times, CSL Behring was a joint or co-employer of Zhang because it exercised significant control over Zhang's employment, including the terms and conditions of Zhang's employment.

41. At all relevant times, Ruide had been fully integrated into CSL Behring.

42. At all relevant times, Zhang was employed with CSL Behring's CSL Plasma department, which is directly managed by CSL Behring.

43. Initially, Zhang's job title was Vice President to maintain consistency during the acquisition. In March 2019, CSL Behring decided to fully integrate Ruide into CSL Behring. At that time, CSL Behring changed Zhang's job title to Director of Plasma Development.

44. Following the acquisition, Zhang reported directly to Jeff Schultz (Schultz), who was employed by CSL Behring as Senior Director, Supply Chain for CSL Plasma. Zhang never reported anyone at Ruide.

45. On March 7, 2019, Romberg sent a "Global Internal Organizational Announcement" announcing Ruide Leadership Roles.

46. In the "Global Internal Organizational Announcement," Romberg announced that effective May 1, 2019, Schultz "will be appointed Executive Director, International Plasma Operations for CSL Plasma. In this role, Jeff will be responsible for all plasma operations outside of the U.S., specifically Germany, Hungary, and China."

47. Romberg also announced that "Berthold Suesser, Senior Director, European Plasma Operations, Jake Zhang, Director, Plasma Center Development, and Eric Li, Director, Plasma Operations & Quality at Ruide, will report to Jeff."

48. At all relevant times, Zhang reported to Schultz who is based in CSL Plasma's Boca Raton, Florida office.

49. At all relevant times, Zhang communicated with Schultz and other CSL Behring/Plasma employees by email multiple times a week and Schultz and Zhang had regular 1:1 meetings.

50. At all relevant times, CSL Behring provided a CSL Behring email address (Jake.Zhang@cslbehring.com) for Zhang to use for all Ruide/CSL Behring business.

51. At all relevant times, CSL Behring provided business cards for Zhang's use, which include CSL Behring's name and logo:



52. At all relevant times, CSL Behring made compensation decisions regarding Zhang.

53. The Labor Contract between Ruide and Zhang mentions CSL Behring throughout, further evidencing CSL Behring's significant control over Zhang's employment. *See* Exhibit P-1.

54. CSL Behring made the decision to fire Zhang.

55. CSL Behring lists the Ruide facility in Wuhan City, Hubei Province, China on its website as one of CSL Behring's R&D & Manufacturing Locations. *See* https://www.cslbehring.com.sg/our-company/worldwide-locations (accessed July 12, 2023).

### Zhang Performs His Job Responsibilities for Ruide/CSL Behring

56. At all relevant times, Zhang successfully performed his job duties as Vice President and, later, as Director of Plasma Development.

57. On January 30, 2019, CSL Plasma published a news article titled "CSL Plasma Expands Operations In China With The Opening Of A New Collection Center."

58. According to the article, "This month, CSL Plasma opened a new substation (collection center) in China. This marks the first new center opening since the Ruide business became part of CSL Behring."

59. CSL Plasma also congratulated Zhang in the article, "Congratulations to the Lichuan center team led by Jake Zhang, which made this new center a reality! This is an excellent outcome and we look forward to many more new centers in the future."

### CSL Behring Fires Zhang One Month Before the One-Off Cash Based Long Term Incentive Payment is Due; The Court of the People's Republic of China Reinstates Zhang

60. On June 30, 2020—one month before the one-off cash based long term incentive payment was due to Zhang—Schultz fired Zhang.

61. Schultz told Zhang that there was not enough work for Zhang.

8

62. The Court of the People's Republic of China determined that this firing was unlawful and ordered Ruide to reinstate Zhang's employment without penalty.

63. Upon information and belief, Ruide represented to the Court of the People's Republic of China that if there was an obligation to pay the one-off cash based long term incentive payment to Zhang, the obligation belonged to CSL Behring, not Ruide.

64. Upon information and belief, Jinbao Yang (Yang), Ruide/CSL Behring's former HR lead in China, had communications with Junfeng Lu (Lu), Ruide's former lawyer, regarding CSL Behring's (not Ruide's) agreement to pay the one-off cash based long term incentive payment to Zhang and the five other executives.

65. Upon information and belief, Yang told Lu that because the original individuals who orchestrated CSL Behring's acquisition of Ruide had left CSL Behring, CSL Behring forgot to follow up on the long-term incentive plan.

66. After multiple requests, CSL Behring refuses to provide any additional information regarding Zhang's entitlement to the one-off cash based long term incentive payment or any details of such cash based long term incentive program.

## Count I
## Breach of Contract

67. Paragraphs 1-66 are incorporated by reference as if fully set forth herein.

68. As averred above, to entice Zhang to remain employed with Ruide, CSL Behring offered compensation, including a one-off cash based long term incentive payment due after three years of employment with CSL Behring under "[t]he CSL Behring Group's cash based long term incentive program."

69. As averred above, Zhang accepted CSL Behring's offer and began working for CSL Behring after CSL Behring acquired Ruide.

70. The agreement between Zhang and CSL Behring is an oral agreement.

71. Alternatively, CSL Behring's cash based long term incentive program document, which CSL Behring refuses to provide to Zhang, created an independent contractual relationship.

72. At all relevant times, Zhang successfully performed his agreed-upon job duties as Vice President and, later, as Director of Plasma Development.

73. On June 30, 2020—one month before the one-off cash based long term incentive payment was due to Zhang—Schultz fired Zhang.

74. CSL Behring is in breach of its agreement to pay a one-off cash based long term incentive payment to Zhang because CSL Behring has failed and refused to make the payment.

75. Further, by firing Zhang one month before the one-off cash based long term incentive payment was due to Zhang, CSL Behring violated its duty of good faith and fair dealing in the performance and enforcement of its agreement to pay the one-off cash based long term incentive payment.

76. Further, as averred above, after multiple requests, CSL Behring refuses to provide any additional information regarding Zhang's entitlement to the one-off cash based long term incentive payment or any details of such cash based long term incentive program.

77. As a result of CSL Behring's breach, Zhang has suffered damages.

78. Zhang estimates that CSL Behring owes between $1,000,000.00 and $3,000,000.00 for the one-off cash based long term incentive payment.

WHEREFORE, Zhang seeks the following relief:

A. Compensatory damages;

B. Pre-judgment and post-judgment interest;

C. Costs of suit; and

D. Such other relief as the Court shall deem proper.

## Count II
## Breach of Implied-in-Fact Contract

79. Paragraphs 1-78 are incorporated by reference as if fully set forth herein.

80. A contract implied in fact has the same legal effect as any other contract.

81. CSL Behring needed Zhang to continue his work following the acquisition so that CSL Behring could fully integrate Ruide into CSL Behring.

82. The intent of CSL Behring and Zhang that CSL Behring would pay the one-off cash based long term incentive payment due after three years of Zhang's employment with CSL Behring can be inferred from the parties' acts in light of the surrounding circumstances.

83. At all relevant times, Zhang successfully performed his agreed-upon job duties as Vice President and, later, as Director of Plasma Development.

84. On June 30, 2020—one month before the one-off cash based long term incentive payment was due to Zhang—Schultz fired Zhang.

85. CSL Behring is in breach of its implied in fact agreement to pay a one-off cash based long term incentive payment to Zhang because CSL Behring has failed and refused to make the payment.

86. Further, by firing Zhang one month before the one-off cash based long term incentive payment was due to Zhang, CSL Behring violated its duty of good faith and fair dealing in the performance and enforcement of its implied in fact agreement to pay the one-off cash based long term incentive payment.

87. Further, as averred above, after multiple requests, CSL Behring refuses to provide any additional information regarding Zhang's entitlement to the one-off cash based long term incentive payment or any details of such cash based long term incentive program.

11

88. As a result of CSL Behring's breach of implied in fact contract, Zhang has suffered damages.

89. Zhang estimates that CSL Behring owes between $1,000,000.00 and $3,000,000.00 for the one-off cash based long term incentive payment.

WHEREFORE, Zhang seeks the following relief:

A. Compensatory damages;

B. Pre-judgment and post-judgment interest;

C. Costs of suit; and

D. Such other relief as the Court shall deem proper.

## Count III
## Promissory Estoppel / Detrimental Reliance

90. Paragraphs 1-89 are incorporated by reference as if fully set forth herein.

91. As averred above, to entice Zhang to remain employed with Ruide, CSL Behring offered compensation, including a one-off cash based long term incentive payment due after three years of employment with CSL Behring under "[t]he CSL Behring Group's cash based long term incentive program."

92. CSL Behring needed Zhang to continue his work following the acquisition so that CSL Behring could fully integrate Ruide into CSL Behring.

93. CSL Behring expected that its promise to pay the one-off cash based long term incentive payment would induce Zhang to remain employed with Ruide.

94. CSL Behring's promise to pay the one-off cash based long term incentive payment, in fact, induced Zhang to remain employed with Ruide.

95. At all relevant times, Zhang successfully performed his agreed-upon job duties as Vice President and, later, as Director of Plasma Development.

96. On June 30, 2020—one month before the one-off cash based long term incentive payment was due to Zhang—Schultz fired Zhang.

97. As a result, Zhang has suffered damages.

98. Injustice can only be avoided by enforcing CSL Behring's promise to pay the one-off cash based long term incentive payment to Zhang.

99. Zhang estimates that CSL Behring owes between $1,000,000.00 and $3,000,000.00 for the one-off cash based long term incentive payment.

WHEREFORE, Zhang seeks the following relief:

A. Compensatory damages;

B. Pre-judgment and post-judgment interest;

C. Costs of suit; and

D. Such other relief as the Court shall deem proper.

### Count IV
### Unjust Enrichment

100. Paragraphs 1-99 are incorporated by reference as if fully set forth herein.

101. As averred above, Zhang worked for CSL Behring as Vice President and, later, as Director of Plasma Development.

102. As averred above, at all relevant times, Zhang successfully performed his job duties as Vice President and, later, as Director of Plasma Development.

103. As averred above, CSL Behring did not pay Zhang the one-off cash based long term incentive payment.

104. CSL Behring has been unjustly enriched by not paying Zhang the one-off cash based long term incentive payment.

105. As a result, Zhang has suffered damages.

106. Zhang estimates that CSL Behring owes between $1,000,000.00 and $3,000,000.00 for the one-off cash based long term incentive payment.

WHEREFORE, Zhang seeks the following relief:

A. Compensatory damages;

B. Pre-judgment and post-judgment interest;

C. Costs of suit; and

D. Such other relief as the Court shall deem proper.

## Jury Demand

Zhang demands a jury to try all claims triable by jury.

Respectfully submitted,

Dated: October 5, 2023 /s/ Stephanie J. Mensing
Stephanie J. Mensing
PA ID No. 89625
Mensing Law LLC
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 586-3751; (215) 359-2741 fax
stephanie@mensinglaw.com
Attorney for Plaintiff

14

## **CERTIFICATE OF SERVICE**

I, Stephanie J. Mensing, hereby certify that on October 5, 2023, I electronically filed Plaintiff's First Amended Complaint, that this document is available for viewing and downloading from the ECF system of the U.S. District Court for the Eastern District of Pennsylvania, and that I served this document via electronic filing upon all counsel of record.

Dated: October 5, 2023         /s/ Stephanie J. Mensing
                               Stephanie J. Mensing
                               PA ID No. 89625
                               Mensing Law LLC
                               1515 Market Street, Suite 1200
                               Philadelphia, PA 19102
                               (215) 586-3751; (215) 359-2741 fax
                               stephanie@mensinglaw.com
                               Attorney for Plaintiff